VERONICA M. AGUILAR, SBN 153288
**THE LAW OFFICES OF VERONICA M. AGUILAR**
4231 Balboa Avenue, #176
San Diego, California 92117
Telephone: (858) 213.7853
veronica@vaguilarlaw.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL TORRES-GARCIA, individually, and on behalf of all other similarly situated consumers<br><br>Plaintiff,<br><br>vs.<br><br>J&L COLLECTION SERVICES, INC. d/b/a J&L TEAMWORKS,<br><br>Defendant. | Docket No.:<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.* and **DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## INTRODUCTION

1. Plaintiff, Marisol Torres-Garcia, ("Plaintiff") brings this action against Defendant, J&L Collection Services, Inc. ("Defendant"), for engaging in illegal debt collection tactics in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Rosenthal Act, Cal. Civ. Code § 1785.88 et seq.

## JURSIDICTION AND VENUE

2.  Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.  Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed to, and/or emanated within this judicial district.

## PARTIES

4.  Plaintiff is a natural person, who at all relevant times has resided in Eureka, California, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5.  Defendant is a debt collector as that term is used and defined under 15 U.S.C. § 1692a. Its headquarters is located at 651 S Cherokee Lane, Lodi, California 95240.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6.  Plaintiff is a natural person, obligated, or allegedly obligated to pay a medical debt to St. Joseph Hospital.

7.  Medical bills have long been considered a consumer debt, as that term is defined under the FDCPA.

8. On October 31, 2016, in attempt to collect said debt, Defendant sent the dunning letter attached as Exhibit A.

9. The letter sought to collect $281.04.

10. Of this amount, $280.66 was the principal, and $0.38 is interest.

11. The dunning letter did not indicate the rate of interest, or as of what date the payment would be considered satisfied in the event Plaintiff sent the "Total" amount. In other words, were Defendant to receive Plaintiff's payment of $281.04 on November 10, 2016, this amount would not satisfy the obligation because the interest would have increased the debt from October 31, 2017 until November 10, 2017. Yet, Defendant failed to inform Plaintiff of this fact.

12. Numerous courts around the country have adopted the Miller safe harbor language to prevent this violation from continuing to occur, but the Defendant did not provide this safe harbor language within its letter. See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000).

13. Accordingly, Defendant's letter is false, deceptive, and misleading in violation of the FDCPA.

14. Notwithstanding the above, Defendant has not provided the required disclosures of the FDCPA.

15. Under the FDCPA, a debt collector must provide a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the

debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

16. Defendant did not provide any information concerning a judgment within its initial dunning letter.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

**Interest Classes:**

>**Subclass A: All consumers within the State of California that received a collection letter from Defendant for a debt incurred by St. Joseph Hospital Eureka that did not inform the debtor that interest was accruing, the rate of accrual, or the result of payment, in violation of the FDCPA, during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.**

>**Subclass B: All consumers within the State of California that received a collection letter from Defendant for a debt incurred by St. Joseph Hospital Eureka that did not inform the debtor that interest was accruing, the rate of accrual, or the result of payment, in violation of the RFDCPA, during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.**

Disclosure Classes:

Subclass A: All consumers within the State of California that received an initial collection letter from Defendant that did not receive the FDCPA required disclosure, in violation of the FDCPA, during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

Subclass B: All consumers within the State of California that received an initial collection letter from Defendant that did not receive the FDCPA required disclosure, in violation of the RFDCPA, during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

18. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

## Numerosity

19. Upon information and belief, Defendant has sent letters in attempt to collect a debt to hundreds of consumers throughout the State of California, each of which violates the FDCPA and RFDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

20. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

21. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

22. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA and RFDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

23. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and

Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

24. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

25. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

26. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

27. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

28. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

29. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said messages violate 15 U.S.C. § 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as

monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

34.   Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

35.   Plaintiff repeats, realleges and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

36.   Defendant has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g and 1692f, by failing to provide the proper notices, by continuing to collect a debt when it was prohibited from doing so, and by reaging the account in question.

37.   Section 1692e provides:

> § 1692e. False or misleading representations
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
> (2) The false representation of--
> (A) the character, amount, or legal status of any debt…

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…

38.   Section 1692g provides:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39. Section 1692f provides:

> § 1692f. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

## COUNT II
## VIOLATION OF THE ROSENTHAL ACT,
### Cal. Civ. Code § 1788 et seq.

40. Plaintiff repeats, realleges and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

41. Under Cal. Civ. Code §1788.17, a violation of the FDCPA is also a violation of the Rosenthal Act.

42. Accordingly, Defendant's numerous FDCPA violations are also violations of the Rosenthal Act.

WHEREFORE, Plaintiff, Marisol Torres-Garcia, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA and RFDCPA;
    B. Enter an Order for injunctive relief prohibiting such conduct in the future;
    C. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;
    D. Enter a judgment against Defendant for statutory damages;
    E. Award costs and reasonable attorneys' fees; and
    F. Grant such other and further relief as may be just and proper

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: May 9, 2017       LAW OFFICES OF VERONICA M. AGUILAR

By: /s/ Veronica M. Aguilar
Veronica M. Aguilar